UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT COOK AND
LISA COOK,

      Plaintiffs,                                  Hon. Paul L. Maloney

v.                                           Case No. 1:23-cv-567

KELLOGG COMMUNITY
CREDIT UNION, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiffs Robert and Lisa Cook paid the filing fee and filed their pro se complaint in this case on June 1, 2023, against Defendants Kellogg Community Credit Union (KCCU), Matthew F. Burns, Tracy L. Miller, Paul K. Beardslee, and Steve Hinkley. This action arises out of KCCU's May 26, 2022 non-judicial foreclosure of a mortgage on real property that Plaintiffs owned in Marshall, Calhoun County, Michigan, and a subsequent state-court eviction proceeding removing Plaintiffs from the property on May 10, 2023. (ECF No. 1 at PageID.8–9.)

Because Plaintiffs paid the filing fee, I am not authorized to review the complaint under 28 U.S.C. § 1915(e) to determine whether it should be dismissed because it is frivolous or malicious or fails to state a claim on which relief may be granted. *See Clark v. United States*, 74 F. App'x 561, 562 (6th Cir. 2003) ("Clark, however, did not proceed IFP, but paid the filing fee. Generally, if a plaintiff pays the filing fee, a complaint is not subject to dismissal without notice to the plaintiff and an opportunity to amend.") (citing *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999)). Nonetheless, it is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when

the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). For the reasons set forth below, I recommend that the Court dismiss this action pursuant to *Apple* because Plaintiffs' claims meet the *Apple* standard, and the Court therefore lacks subject matter jurisdiction.

## I.  Background

As noted above, the case is based on a foreclosure and eviction proceeding involving property that Plaintiffs had previously owned. KCCU held the mortgage on the property. Defendant Miller is the Chief Executive Officer of KCCU. Defendant Burns was the attorney who handled the foreclosure and eviction proceeding for KCCU. Defendant Beardslee is the judge of the State of Michigan 10th Judicial District Court who presided over the eviction proceeding. Finally, Steve Hinckley, the Calhoun County Sheriff, is sued because he participated in the eviction, although it is not clear whether he was personally present when Plaintiffs were removed from the property.

Plaintiffs cite various federal criminal statutes and provisions of the Internal Revenue Code as the bases of their claims, although it is not clear what claims they intend to allege. They checked the box on the form complaint indicating that they are suing state or local officials under 42 U.S.C. § 1983, but Defendants Beardslee and Hinckley are the only possible Defendants who qualify as state actors. Even so, Defendant Beardslee is entitled to absolute judicial immunity on all claims because his only involvement was presiding over the eviction proceeding, which is clearly a traditional judicial function. *See Forrester v. White*, 484 U.S. 219, 227 (1988) (observing that "resolving disputes between parties who have invoked the jurisdiction of a court" is a "paradigmatic judicial act"). As for Defendant Hinckley, Plaintiffs do not allege that he was

2

personally involved in the eviction (incidental to a court order) or how he violated their federal civil rights.

The complaint is generally devoid of factual allegations that give rise to cognizable claim, but contains several vague and unsupported conclusory assertions, including:

> Each Defendant is/are operating in the defense to defraud, acting as if they have authority but they don't and cannot provide proof of claim. Defendant(s) still have my private information out in the public without compensating for the use of; as well as committing a forgery and identity theft and they are in possession of contriband [sic].

(ECF No. 1 at PageID.4.) Plaintiffs further allege that Defendants are involved in some unlawful tax scheme:

> These Defendants are involved in this tax scheme and are holding unreported Capital, and Interest as frozen assets in SPV's [Special Purpose Vehicles] SPE's [Special Purpose Entities] BRE's [Bankruptcy Remote Entities], FASIT's [Financial Asset Securities Investment Trust], REMIC's [Real Estate Mortgage Investment Conduits], and REIT's [Real Estate Investment Trust]. I am requesting that the agency of the IRS and its Special Task Force Division for- SEE ATTACHED PAGE.

(*Id.*) Plaintiffs also claim that a loan never existed and that KCCU failed to advise them that they were part of an investment contract. (*Id.* at PageID.5, 8.) Thus, Plaintiffs clearly attack the validity of the foreclosure. For relief, Plaintiffs seek "the cash receipt or surrender of the instrument that they are seeking enforcement under," in addition to $112,500,000.00 in "fines and costs" and $112,500,000.00 in punitive damages. (*Id.* at PageID.5.)

This action is a re-filing and continuation of previous cases in this Court concerning the same events. In *Cook v. Kellogg Community Credit Union*, No. 1:23-cv-231, Plaintiffs sued many of the same Defendants they sue here based on KCCU's foreclosure. On April 18, 2023, Magistrate Judge Ray Kent issued a report and recommendation recommending that the complaint be dismissed for lack of subject matter jurisdiction pursuant to *Apple*, *supra*. *See* Case No. 1:23-cv-231, ECF No. 13 at PageID.57–58. Judge Kent also noted that Case No. 1:23-cv-231 was itself a

re-filing of a previous case, Case No. 1:23-cv-100, which had been dismissed on February 28, 2023. *Id.* at PageID.55 n.1. Judge Beckering adopted Judge Kent's report and recommendation over Plaintiffs' objection on May 22, 2023. *Id.*, ECF No. 15.

## II.  Discussion

The Court may properly dismiss Plaintiff's claims for lack of subject matter jurisdiction under *Apple*. Plaintiffs do not and cannot allege a basis for diversity jurisdiction under 28 U.S.C. § 1332(a) because it is obvious from the face of the complaint that complete diversity is lacking. Instead, Plaintiffs cite various federal statutes, but they are inapplicable to the facts in this case and, more importantly, do not provide a private right of action. It is well established that 18 U.S.C. §§ 241 and 242 do not provide for a private right of action. *See United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (affirming dismissal of claim pursuant to Section 242 because there is no private right of action under this criminal statute); *Selmon-Austin v. Wells Fargo Bank*, No. 2:21-CV-02724, 2022 WL 3337274, at *5 (W.D. Tenn. May 4, 2022), *report and recommendation adopted*, 2022 WL 18141470 (W.D. Tenn. Sept. 7, 2022) ("The plain language of Sections 241, 242, and 245 reveals that they each are criminal statutes that do not provide for a private right of action."); *Weathers v. Holland Police Dep't*, No. 1:13-CV-1349, 2015 WL 357058, at *2–3 (W.D. Mich. Jan. 27, 2015) ("This Court has long held that individuals cannot claim monetary damages arising from alleged violations of 18 U.S.C. §§ 241 and 242.") (citing *Horn v. Peck*, 130 F. Supp. 536 (W.D. Mich. 1955)). Similarly, 18 U.S.C. § 1956, a criminal statute that prohibits money laundering, does not authorize a private right of action. *Kordan v. Rigg*, No. 21-CV-11419, 2021 WL 3612293, at *2 (E.D. Mich. July 23, 2021), *report and recommendation adopted*, 2021 WL 3603366 (E.D. Mich. Aug. 13, 2021) (concluding that the court lacked subject matter over a claim based on § 1956 because the statute provides no private right of action); *El v. Wells Fargo Bank*,

No. 2:19-CV-2538, 2020 WL 1941322, at *3 (W.D. Tenn. Mar. 12, 2020), *report and recommendation adopted*, 2020 WL 1686252 (W.D. Tenn. Apr. 7, 2020) (noting that "courts have repeatedly determined that no private right of action exists under this statute") (collecting cases). Lastly, Plaintiffs have no basis for a claim under the IRC provisions they cite. "The IRS, and not private citizens, are in charge of enforcing the tax code." *Perrin v. Vuliai*, No. 15-CV-13482, 2016 WL 795900, at *2 (E.D. Mich. Feb. 29, 2016) (citing cases holding that 26 U.S.C. § 7202 does not provide a private right of action); *see also El*, 2020 WL 1686252, at *2 (recommending dismissal of claim based on 26 U.S.C. §§ 7101 and 7102 because no private right of action exists under these statutes); *I-Remiel Azariah: Ibn Yahweh v. Shelby Cnty. Gen. Sessions Ct.*, No. 12-3073, 2014 WL 1689297, at *8 (W.D. Tenn. Apr. 29, 2014) (dismissing the plaintiff's claim under 26 U.S.C. § 7206 because "Section 7206 is a criminal statute prohibiting fraud and false statements under the Internal Revenue Code and grants no explicit private right of action").

### III. Conclusion

Accordingly, I recommend that the Court **dismiss** this action for lack of subject matter jurisdiction as set forth in *Apple*.

Although a court may not absolutely bar an individual from filing an action in federal district court, *see Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996), "[a] district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." *Stewart v. Fleet Fin.*, No. 99-2282, 2000 WL 1176881, at *2 (6th Cir. Aug. 10, 2000) (citing *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998), and *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)). I further recommend that the Court warn Plaintiffs that they may be subjected to filing restrictions,

including being placed on Restricted Filer status, if they continue to file repetitive or frivolous lawsuits based on the facts alleged in this and the prior actions mentioned above.

Date:  June 20, 2023                                    /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).