UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT COOK and LISA COOK,  )
              Plaintiffs,  )
                                  )    No. 1:23-cv-567
-v-  )
                                  )    Honorable Paul L. Maloney
KELLOGG COMMUNITY CREDIT UNION, *et al.*,  )
              Defendants.  )
                                  )

## ORDER ADOPTING REPORT AND RECOMMENDATION

      Plaintiffs Robert and Lisa Cook, proceeding without the benefit of counsel, filed this lawsuit and paid the filing fee. The Court referred the action to the Magistrate Judge. The Magistrate Judge issued a report recommending dismissal of the lawsuit (ECF No. 7). Plaintiffs filed objections. Defendants Kellogg Community Credit Union and Tracy L. Miller then filed a motion for summary judgment (ECF No. 11). The Court will adopt the Report and Recommendation and will dismiss the motion for summary judgment.

      After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

1. The Magistrate Judge found that, as a matter of law, district courts may dismiss a lawsuit at any time for lack of subject-matter jurisdiction under Rule 12(b)(1) when the allegations in the complaint are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." (R&R at 2 PageID.28 quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).

Plaintiffs object. Plaintiffs explain that they paid the filing fee and they have alleged claims arising under federal statutes. The Court overrules the objection. The holding in *Apple* acknowledges that ordinarily the implausibility of a claim would be resolved under Rule 12(b)(6) rather than as a subject-matter concern under Rule 12(b)(1). *Apple*, 183 F.3d at 480. The circuit court explained that "dismissal under Rule 12(b)(1) (as opposed to Rule 12(b)(6)) is appropriate in only the rarest of circumstances where ... the complaint is deemed totally implausible." *Id.* As explained below, this lawsuit constitutes one of those rare circumstances.

2. The Magistrate Judge found that the claims in the complaint are totally implausible because none of the federal criminal statutes or the IRS Code provisions identified in the complaint provide for a private cause of action. Plaintiffs object in part. Plaintiffs insist that they did not cite any statutes, they cited only the United States Code. The Court overrules the objection. The United States Code is the compilation of statutes enacted by Congress and designated as public laws.

Plaintiffs do not object to the Magistrate Judge's conclusion that the statutes, the specific titles and sections of the United States Code cited by Plaintiffs, do not provide a basis for them to file a federal civil lawsuit. More specifically, none of the code provisions

authorize a federal court to give Plaintiffs any relief. Section 1983 generally provides that "every person who, under color of" law causes a person to be deprived of "any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...." 28 U.S.C. § 1983. However, "not every violation of federal law gives rise to a Section 1983 claim." *Ellison v. Cocke Cty., Tennessee*, 63 F.3d 467, 471 (6th Cir. 1995) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 109 (1989)). "Specifically, a Section 1983 claim for a violation of a federal statute does not lie 'where Congress has foreclosed such enforcement of the statute in the enactment itself and where the statute did not create enforceable rights, privileges, or immunities within the meaning of § 1983.'" *Id.* at 471-72 (quoting *Wright v. Roanoke Redevelopment and Hous. Auth.*, 479 U.S. 418, 423 (1987)). The Magistrate Judge found that each of the statutes (sections of the United States Code) cited by Plaintiffs do not permit individuals to file civil lawsuits to enforce those provisions. Plaintiffs cannot avoid this conclusion by relying on Section 1983.

      Accordingly, the Magistrate Judge correctly concluded that Plaintiffs' lawsuit is totally implausible and subject to dismissal for lack of subject matter jurisdiction under the holding in *Apple*. The Court need not address any of the other objections. Resolving those objections would not make a difference.

      3. Because the Court will adopt the Report and Recommendation and will dismiss the lawsuit, the Court will dismiss the motion for summary judgment filed by Defendants Kellogg Community Credit Union and Miller as moot. It is not clear to the Court why

3

Defendants elected to file this motion. When Defendants filed it, the R&R was pending and this motion was unnecessary.

For the reasons provided above, the Court **ADOPTS** as its Opinion the Report and Recommendation (ECF No. 7) and **DISMISSES THIS LAWSUIT.** The Court also **DISMISSES AS MOOT** Defendants Kellogg Community Credit Union and Tracy L. Miller's motion for summary judgment (ECF No. 11).

The Magistrate Judge found that Plaintiffs filed two lawsuits in this district based on the same event or circumstances, the judicial foreclose of property. The Magistrate Judge recommended warning Plaintiffs that they may be subjected to filing restrictions if they continue to file repetitive and frivolous lawsuits. The Court acknowledges that Plaintiffs have attempted to distinguish this lawsuit from their earlier ones. Plaintiffs should be aware that the law might not recognize that distinction. Because the Court concludes that the lawsuit is totally implausible, and because Plaintiffs did not object to this specific recommendation, the Court now warns Plaintiffs that if they continue to file repetitive and frivolous lawsuits based on the same underlying events or circumstances, they may be placed on Restricted Filer status.

**IT IS SO ORDERED.**

Date: July 6, 2023                                     /s/ Paul L. Maloney
                                                       Paul L. Maloney
                                                       United States District Judge